# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| **JAMES EARL WILSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 4:05CV713 MLM |
| | ) | |
| **UNITED STATES DEPARTMENT** | ) | |
| **OF THE NAVY, and** | ) | |
| **CAPTAIN R. L. PAGE**[1] | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Before the court is the Motion to Dismiss filed by Defendant, the United States Department of the Navy pursuant to the Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim and Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Doc. 12. Defendant further asks the court, pursuant to Federal Rules of Civil Procedure 12(f) to enter an order preventing Plaintiff from filing further lawsuits without first seeking leave of the court.[2] Plaintiff has not filed

---

[1] Defendant states that there is no Department of Naval Reserves as alleged in Plaintiff's Complaint. As such, the proper defendant in this action is the United States Department of the Navy.

[2] Plaintiff, in addition to this current complaint, has previously filed the following fifteen federal complaints which Defendant states are related to the matter under consideration: Wilson v. Johnston, 4:03CV00419 CEJ; Wilson v. FBI et al., 4:03CV00811SNL; Wilson v. Request for Production, 4:03CV1793ERW; Wilson v. United States Court of Appeal - Eastern District of Missouri et al., 4:04CV00063JCH; Wilson v.Johnston et al., 4:04CV00292CEJ; Wilson v. Michigan, State of et al., 4:04CV00331 FRB; Wilson v. Johnston et al., 4:04CV00341 CEJ; Wilson v. Form 10 of Civil Procedure,4:04CV00386CDP; Wilson v. Hutchcraft et al., 4:05CV00047CEJ; Wilson v. Federal Bureau of Investigation et al., 4:05CV00620CEJ; Wilson v. State of Missouri, 4:05CV00677CEJ; Wilson v. State of Michigan, 4:05CV00714MLM; Wilson v. Brandon, 4:05CV1011SNL; Wilsonv. Riley et al., 4:05CV1104CEJ; Wilson v. Johnston et al., 4:05CV1242MLM.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

a Response. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 13.

Plaintiff James Earl Wilson alleges that Defendant, the United States Department of the Navy, wrongfully administratively discharged him from the Naval Reserves on the basis of his fraudulent enlistment due to a criminal past and states that a Captain R. J. Page administratively discharged him from the Naval Reserves due to what Plaintiff terms "[fraudulent] entry, due to the comprimization of the F.B.I. database and violation of Michigan Compiled Law Code [§] 28.853." Doc. 3, Compl. at 3. Plaintiff seeks reinstatement in the Naval Reserves with an increase in rank and grade and pay reimbursement. Doc. 3, Compl. at 4. In a Civil Cover Sheet Plaintiff characterizes the matter under consideration as a civil rights matter.

A court may dismiss a cause of action for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Alexander v. Peffer, 993 F.2d 1348, 1349 (8th Cir. 1993). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claim." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). See also Bennett v. Berg, 685 F.2d 1053, 1058 (8th Cir. 1982) (a complaint should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations). The court must review the complaint most favorably to the plaintiff and take all well-pleaded allegations as true to determine whether the plaintiff is entitled to relief. Conley, 355 U.S. at 45-46. A dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff has presented allegations that show on the face of the complaint that there is some insuperable bar to relief. Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994). A civil rights complaint falls short of meeting

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

"the liberal standard for notice pleading" when it is "entirely conclusory, giving no idea what acts the individual defendants are accused of that could result in liability." Frey v. City of Herculaneum, 44 F.3d 667, 672 (8th Cir. 1995). "At the very least" a civil rights complaint "must contain facts which state a claim as a matter of law and must not be conclusory." Id. at 671.

Plaintiff's stated jurisdiction for this matter is 38 U.S.C. § 4312, which is a statute defining re-employment rights for persons who serve in the uniformed services. Under 38 U.S.C. § 4312 persons absent from positions of employment by reason of service in the uniformed services are entitled to the re-employment rights and benefits and other employment benefits set forth in the applicable statutory provisions. The Re-Employment Act applies to persons wanting to return to their civilian jobs after their military service has ended. This Act does not apply to Plaintiff as he is seeking to be re-instated into the Naval Reserves and not a job that he may have held prior to his military service. Additionally, Plaintiff does not allege facts which suggest that the Department of the Navy had any involvement in the alleged fraudulent entries regarding Plaintiff's criminal background which led to his discharge from the Naval Reserves. Therefore, there is no basis in fact or law for Plaintiff's Complaint in the matter under consideration and as such, his complaint fails to state a claim upon which relief can be granted.

To the extent Plaintiff intends to allege a violation of his civil rights, 42 U.S.C. § 1983 provides that every person who, under color of any statute, custom or usage of any *state*, subjects any citizen of the United States to the deprivation of any rights secured by the Constitution and laws shall be liable to the party injured in an action at law. Therefore, by its plain language, this statute does not authorize redress against the United States. Davis v. United States, 439 F.2d 1118, 1119 (8th Cir. 1971); Belhomme v. Widnall, 127 F.3d 1214,1217 (10th Cir. 1997) (holding that the

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

plaintiff's "claim under 42 U.S.C. § 1983 fails as a matter of law because this section applies to actions by state and local entities, not to the federal government"). As such, § 1983 is not applicable to Plaintiff's cause of action. The court, therefore, finds that Plaintiff's Complaint, both pursuant to the Re-Employment Act and 42 U.S.C. § 1983, fails to state a claim. As such, the court further finds that Plaintiff's Complaint should be dismissed in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss for failure to state a cause of action filed by Defendant United States Department of Naval Reserves is **GRANTED** in part, and **DENIED**, in part; [Doc. 12]

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss is **GRANTED**, to the extent Defendant asks this court to dismiss Plaintiff's Complaint for failure to state a claim;

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss is **DENIED**, to the extent that Defendant asks this court to enter an order preventing Plaintiff from filing further lawsuits without first seeking leave of the court.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED**. [Doc. 3]

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this  7th  day of November, 2005.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com